UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pedro Jesus Uribe Diaz<br>(A-Number: A-216-763-084),<br><br>Petitioner,<br><br>v.<br><br>Warden, California City Correction Center;<br>Caleb Vitello, Director, U.S. Immigration<br>and Customs Enforcement; Alejandro<br>Mayorkas; U.S. Immigration and Customs<br>Enforcement (ICE),<br><br>Respondents. | No.  1:26-cv-02410-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Pedro Jesus Uribe Diaz is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for immediate release, which the Court construed as a motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-

1

KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 7.  Respondents state that "this case is not distinguishable" from the cases cited by the Court.[1]  Doc. 8 at 1.  While respondents oppose the petition, they do not raise any new arguments.[2]  *See id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Pedro Jesus Uribe Diaz (A-Number: A-216-763-084) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger

---

[1] In a prior filing, respondents noted that petitioner was served with a notice to appear after he was re-detained by immigration officials.  Doc. 6 at 2.  But the issue is not whether petitioner's immigration removal proceedings were re-initiated, but whether respondents may detain petitioner under 8 U.S.C. § 1225(b)(2) pending re-initiated removal proceedings.  *See* Doc. 6-5.

[2] In a prior filing, respondents cited to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)).  Doc. 6 at 3.  The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

to the community such that his physical custody is legally justified.[3]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 17, 2026

UNITED STATES DISTRICT JUDGE

---

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3